**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THORNE THOMAS, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-1434 |
| vs. | ) | |
| | ) | Judge Joy Flowers Conti/ |
| | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| SGT. WAUGH; C/O BRUBAKER, | ) | Re: ECF No. 25 |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

Plaintiff, Thorne Thomas, an inmate formerly housed at the State Correctional Institution at Pine Grove ("SCI – Pine Grove"), has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs.  Plaintiff alleges that Defendants violated his constitutional rights by the excessive use of force in conjunction with a cell search and in racially based verbal harassment.  Defendant Brubaker has responded to Plaintiff's Complaint with a Motion to Dismiss, contending that Plaintiff has failed to properly exhaust administrative procedures as a result of the untimely filing of a grievance related to the subject matter of this action.[1]

For the following reasons, is respectfully recommended that Defendant Brubaker's Motion to Dismiss, ECF No. 25, be denied.

### II.    REPORT

Although Defendant Brubaker makes a compelling argument for dismissal on the basis of non-exhaustion, he has done so by filing a motion to dismiss. Granting a failure to exhaust

---

[1] Defendant Waugh previously filed an Answer to the Complaint.  ECF No. 29.

argument raised via a motion to dismiss is only appropriate where the face of the pleadings demonstrates non-exhaustion (i.e., the complaint concedes non-exhaustion). See Ball v. SCI Muncy, 385 F. App'x 211 (3d Cir. 2010).

In his Complaint, Plaintiff alleges that he filed grievances related to the subject matter of this action. ECF No. 4, p. 3, and, in response to the Motion to Dismiss, Plaintiff contends that Judy Smith, the SCI – Pine Grove grievance administrator, hindered him from exhausting his administrative remedies by failing to record timely filed grievances. Because failure to exhaust is contested and is not apparent from the Complaint, Defendant Brubaker's argument that Plaintiff failed to exhaust his administrative remedies cannot support dismissal of the case at this initial stage of the proceedings. Accordingly, it is respectfully recommended that Defendant's Motion to Dismiss be denied without prejudice to renewal at the appropriate time pursuant to Federal Rule of Civil Procedure 56.

## D. CONCLUSION

For the foregoing reasons, is respectfully recommended that the Motion to Dismiss [ECF No.25 ] be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in

accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: December 12, 2013

cc:     The Honorable Joy Flowers Conti
        United States District Judge

        All counsel of record by Notice of Electronic Filing

        Thorne Thomas
        647 Long Lane
        Apartment 2
        Upper Darby, PA 19082