IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THORNE THOMAS,<br>        Plaintiff,<br><br>  vs.<br><br><br><br>SGT. WAUGH; C/O BRUBAKER,<br>        Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 12-1434 <br> ) <br> ) Judge Joy Flowers Conti/ <br> ) Magistrate Judge Maureen P. Kelly <br> ) <br> ) |

## REPORT AND RECOMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. [4], be dismissed for failure to prosecute.

### II. REPORT

Plaintiff, Thorne Thomas, an inmate formerly housed at the State Correctional Institution at Pine Grove ("SCI – Pine Grove"), has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs. Plaintiff alleges that Defendants violated his constitutional rights by the excessive use of force in conjunction with a cell search and in racially based verbal harassment. On January 21, 2014, this Court issued an Order directing Plaintiff to file his Pretrial Statement by May 21, 2014. Because the Pretrial Statement was not received by May 21, 2014, this Court entered an Order to Show Cause on June 11, 2014, returnable on June 25, 2014, directing Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to timely file the Pretrial Narrative Statement. To date, Plaintiff has failed to respond or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1) The extent of the party's personal responsibility.
>
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed which weighs heavily against him.  Plaintiff's failure to respond to the Court's orders was not only solely his personal responsibility but his failure to do so even six weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking dismissal of the case as well as an Answer to Plaintiff's Complaint, there appears to be no specific prejudice to Defendants other than general delay.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, indicates that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek v. Rigatti, 964 F.2d at 1373. Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto no later than July 21, 2014. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                 Respectfully submitted,

                 <u>/s/Maureen P. Kelly</u>
                 United States Magistrate Judge

Dated: July 3, 2014

cc:  The Honorable Joy Flowers Conti
   United States District Judge

   Thorne Thomas
   647 Long Lane
   Apartment 2
   Upper Darby, PA 19082

   All Counsel of Record Via CM-ECF