IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THORNE THOMAS,<br>        Plaintiff,<br><br>   vs.<br><br><br><br>SGT. WAUGH; C/O BRUBAKER,<br>        Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 12-1434 <br> ) <br> ) Chief Judge Joy Flowers Conti/ <br> ) Magistrate Judge Maureen P. Kelly <br> ) <br> ) |

## MEMORANDUM OPINION

On April 6, 2018, plaintiff Thorne Thomas ("Thomas") filed a pro se motion to reopen this 2012 case. (ECF No. 40). On April 17, 2018, the magistrate judge issued a report and recommendation ("R&R"), recommending that Thomas' motion be denied. (ECF No. 41). Thomas filed objections to the R&R. (ECF No. 42). A response from defendants is not required.

Because Civil Action No. 12-1434 was closed on July 29, 2014, the magistrate judge construed Thomas' motion as a motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b). Thomas agrees that he filed a Rule 60(b) motion.

The magistrate judge identified the only possible basis for relief as "excusable neglect" pursuant to Rule 60(b)(1). The magistrate judge set forth the relevant factors identified by controlling precedent, i.e., the danger of prejudice to the other parties, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship,* 507 U.S. 380, 394 (1993)*;*

*George Harms Const. Co., Inc. v. Chao*, 371 F.3d 156, 163-64 (3d Cir. 2004). The magistrate judge explained that all factors weighed against Thomas' neglect being deemed excusable.

In his objections to the R&R, Thomas argues that he was unable to contact the court by phone or in person due to his current incarceration. He also argues that he was unfamiliar with pleading requirements, that prison staff assisted only with criminal matters, and that he acted in good faith.

These arguments do not suffice. Thomas did not point to any lack of prejudice on defendants' ability to obtain witnesses and evidence. The length of the delay is extreme. Pursuant to Rule 60(c)(1), a motion based on excusable neglect must be made no more than one year after the entry of the judgment. In this case, the deadline was July 29, 2015. Thomas' asserted justification for the delay is incomplete. Even if he was incarcerated for part of the time, he did not explain why he was unable to communicate with the court for the entire time period. He provided telephone numbers and addresses that he used during part of the relevant time period. He did not demonstrate that he was unable to write to the court.

Even if Thomas acted in subjective good faith, he did not act diligently to litigate this case. Thomas knew how to file change of address notices (*see* ECF Nos. 9, 30), but failed to keep the court informed of his address. The case was dismissed in 2014 when Thomas failed to file his pretrial statement when required, failed to respond to an order to show cause, and failed to object to the magistrate judge's R&R recommending dismissal. The court concludes that Thomas did not establish excusable neglect and his circumstances are not so extraordinary as to justify relief from a final order under Rule 60(b)(6). *See Parks v. United States*, No. 1:14-CV-00870, 2015 WL 7454510, at *2 (M.D. Pa. Nov. 24, 2015) (health problems and transfer to

another institution did not justify reopening case).

Conclusion

After de novo consideration of all these circumstances, the court agrees with the recommendation of the magistrate judge and adopts the R&R as the opinion of the court, as supplemented herein. Thomas' motion to reopen his case (ECF No. 40) will be DENIED.

An appropriate order follows.

Dated: May 16, 2018

/s/ Joy Flowers Conti
JOY FLOWERS CONTI
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THORNE THOMAS,<br>        Plaintiff,<br><br>vs.<br><br><br><br>SGT. WAUGH; C/O BRUBAKER,<br>        Defendant. | )<br>)<br>)<br>) Civil Action No. 12-1434<br>)<br>) Chief Judge Joy Flowers Conti/<br>) Magistrate Judge Maureen P. Kelly<br>)<br>) |

## **ORDER**

AND NOW, this 16--th day of May, 2014, after the plaintiff, Thorne Thomas, filed a motion to reopen this closed case (ECF No. 40); and a Report and Recommendation was filed by the United States magistrate judge, recommending that the motion be denied (ECF No. 41); and plaintiff filed objections to the Report and Recommendation (ECF No. 42); and upon independent review of the record, and upon consideration of the magistrate judge's Report and Recommendation, which is adopted as the opinion of this Court as supplemented by the memorandum opinion,

IT IS HEREBY ORDERED that the motion to reopen this closed case (ECF No. 40) is DENIED.

/s/ Joy Flowers Conti
JOY FLOWERS CONTI
Chief United States District Judge

cc: Honorable Maureen P. Kelly
United States Magistrate Judge

Thorne Thomas
MW-1984
209 Institution Drive
P.O. Box 1000
Houtzdale, PA 16698-1000
(Via US Mail)

All Counsel of Record Via CM-ECF